UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – FLINT

In re:

AMY LEA GASSEL                                  Case No. 12-30627-dof
                                                Chapter 7 Proceeding
    Debtor.                                   Hon. Daniel S. Opperman

_____/

UNDERWOOD & ASSOCIATES, P.C.,

    Plaintiff,

v.                                              Adv. Pro. No. 13-03202-dof

AMY LEA GASSEL,

    Defendant.

_____/

## TRIAL OPINION

### Introduction

Underwood and Associates, P.C. ("Plaintiff") brought this adversary proceeding for the purpose of seeking a determination that the Debtor, Amy Gassel ("Defendant"), is not entitled to a discharge under 11 U.S.C. § 727(a)(2)(A), (a)(3), (a)(4), and (a)(7). The trial was held on April 28, 2014, at which the Court heard testimony from the Defendant and Exhibits 1-4 were admitted without objection. At the request of counsel, the Court allowed the filing of post-trial briefs. The Court has reviewed the testimony and exhibits admitted into evidence and the pleadings filed in this adversary proceeding. For the reasons stated herein, the Court concludes that judgment should be entered in favor of the Defendant and against the Plaintiff on all counts in the complaint.

1

Procedural History and Background Facts

The Defendant filed a Chapter 13 bankruptcy petition on February 16, 2012. The Plaintiff represented the Defendant in her pre-petition divorce case. Pursuant to the Judgment of Divorce dated August 1, 2011, the Defendant was owed the following from her ex-husband: (1) $23,647.88 representing an arrearage on a status quo order; (2) $2,643.50 representing ½ of a federal tax refund; (3) $1,132.08 representing ½ of a Merrill Lynch retirement account; and (4) spousal support in the amount of $300.00 per month for five years. The Defendant filed her Schedules on March 2, 2012. On her Schedule B, the Defendant listed her ½ interest in her ex-husband's retirement account and indicated that the value was unknown; a child and spousal support arrearage in the amount of $23,000.00; and a 2011 tax refund in the amount of $8,000.00. On her Schedule C, the Defendant exempted those assets. On her Schedule F, the Defendant listed the Plaintiff as an unsecured creditor.

On October 5, 2012, the Court issued a bench opinion and entered an order providing that the Plaintiff is a secured creditor of the Defendant by reason of a common law charging lien for procuring funds in the representation of the Defendant and the delivery of professional services to the Defendant in her divorce case.

On December 13, 2012, the Court entered an Order Confirming the Defendant's Amended Chapter 13 Plan. The Plan provided that the Plaintiff would be paid $200.00 per month on its secured claim.

Exhibit 2, a copy of the Lapeer County Friend of the Court Records, for the most part details payments made to the Defendant by the Friend of the Court in the amount of $113.00 per week, consistent with a wage order directed to her ex-husband. That Exhibit also shows a few other larger payments made at various times: $905.72 on November 21, 2011; $755.13 on

February 27, 2012; $4,199.00 on March 16, 2012; $904.82 on December 27, 2012; and $994.35 on February 19, 2013.

On April 22, 2013, the Defendant filed a Notice of Voluntary Conversion from Chapter 13 to Chapter 7 and amended Schedules I and J. No amendments were made to the Defendant's other Schedules. On her Amended Schedule I, the Defendant listed a total income of only $300.00, stemming from alimony, maintenance or support payments payable to the debtor. The Defendant listed her two daughters, ages 15 and 17, as dependents. On her Schedule J, the Defendant listed average monthly expenses of $947.00. The Defendant testified that, at the recommendation of her physician, she terminated her position at Lapeer Regional Hospital because she was physically unable to meet the requirements of her position due to having systemic lupus. She testified that she has suffered from lupus since her teens and that the disease caused constant weakness, nausea, and a condition that she described as "brain fog". She further testified that she sometimes received more than $300.00 or less than $300.00 from her ex-husband because he was not consistently working. The Court carefully observed the Defendant's demeanor while testifying, as well as heard her answers to questions. The Court finds that the Defendant is a credible witness and experiences the physical conditions described by her and the attendant symptoms.

On July 15, 2013, the Plaintiff filed its adversary complaint. The Defendant filed a Motion for Summary Judgment on November 14, 2013, which was denied on January 22, 2014. As noted, the trial was held on April 28, 2014.

Arguments

The Plaintiff argues that the Defendant (1) omitted substantial income she received as a result of the Judgment of the Divorce when she filed her bankruptcy petition, namely funds

3

13-03202-dof    Doc 30    Filed 07/18/14    Entered 07/18/14 15:12:49    Page 3 of 11

received from her ½ interest in a 2010 tax refund and payments made to her on the spousal and child support arrearage; and (2) under-reported her income on her Amended Schedule I. The Plaintiff argues that the Defendant purposefully made these omissions or that she acted with reckless indifference to the truth and that she should be denied a discharge. The Defendant argues that (1) she was not required to report her ½ interest in the 2010 tax refund on her Schedules and she did report and exempt her expected 2011 tax refund; (2) she reported her interest in the spousal and child support arrearage and exempted it; and (3) she listed a spousal support payment of $300.00 on her Amended Schedule I because she was receiving payments from her ex-husband only sporadically due his having several surgeries at that time. The Defendant argues that she filed her bankruptcy case in good faith and that the Plaintiff has failed to meet its burden of proof.

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J) (objections to discharges).

The issues in this matter arise from Title 11 of the United States Code and do not involve any matter which limits this Court's jurisdiction as detailed by the United States Supreme Court in *Stern v. Marshall*, ---- U.S. ----, 131 S. Ct. 2594, 2608, 180 L.Ed.2d 475 (2011), and later by the United States Supreme Court in *Executive Benefits Ins. Agency v. Arkison*, No. 12-1200 (U.S. June 9, 2014). *See also Waldman v. Stone*, 698 F.3d 910 (6th Cir. 2012).

## Discussion

Section 727(a) of the Bankruptcy Code provides that a debtor is entitled to a discharge unless an exception applies. Although exceptions to discharge are strictly construed against a

creditor, *see Rembert v. AT&T Universal Card Servs., Inc.* (*In re Rembert),* 141 F.3d 277, 281 (6th Cir. 1998), "a discharge in bankruptcy is a privilege, not a right, and should only inure to the benefit of the honest debtor." *Wazeter v. Michigan National Bank (In re Wazeter)*, 209 B.R. 222, 226 (W.D. Mich. 1997). Pursuant to Federal Rule of Bankruptcy Procedure 4005, the burden of proof in objecting to a discharge under Section 727 is on the plaintiff and must be established by a preponderance of the evidence. *Barclays/American Bus. Credit, Inc., v. Adams (In re Adams)*, 31 F.3d 389, 394 (6th Cir. 1994).

11 U.S.C. § 727(a)(2)

11 U.S.C. § 727(a)(2)(A) states:

(a) The court shall grant the debtor a discharge, unless –

> (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed –
>
>> (A) property of the debtor, within one year before the date of the filing of the petition[.]

This section encompasses two elements: (1) a disposition of property, such as concealment, and (2) "a subjective intent on the debtor's part to hinder, delay or defraud a creditor through the act disposing of the property." *Hughes v. Lawson (In re Lawson)*, 122 F.3d 1237, 1240 (9th Cir.1997). Furthermore, the creditor must prove that both of those elements occurred during the one year period before the bankruptcy. *Rosen v. Bezner*, 996 F.2d 1527, 1531 (3rd Cir. 1993).

As noted, the Plaintiff argues that the Defendant (1) omitted substantial income she received as a result of the Judgment of the Divorce when she filed her bankruptcy petition, namely funds received from her ½ interest in a 2010 tax refund and payments made to her on the spousal and child support arrearage; and (2) under-reported her income on her Amended Schedule I.

It is clear from the Lapeer County Friend of the Court Record that, in addition to the mostly regularly received weekly payments of $113.00 per week, the Defendant received a few other larger payments made at various times: $905.72 on November 21, 2011; $755.13 on February 27, 2012; $4,199.00 on March 16, 2012; $904.82 on December 27, 2012; and $994.35 on February 19, 2013. On her originally filed Schedules, the Defendant disclosed that she was entitled to $23,000.00 from her ex-husband for arrears on the status quo order and she exempted that asset. She also answered questions from the Trustee about that asset at her 341 Meeting of Creditors. The Defendant also reported her entitlement to a 2011 tax refund on her Schedules and exempted that asset. On her Amended Schedule I, the Defendant indicated that she was receiving $300.00 in spousal support, which was her only income. It is clear from the Lapeer County Friend of the Court Record that the Defendant was consistently receiving $113.00 per week from her ex-husband around the time her case was converted to Chapter 7 and she filed her Amended Schedule I. However, only $300.00 per month of those payments stemmed from spousal support. The remainder likely stemmed from payments from her ex-husband on the arrears from the status quo order. While she did receive larger payments, as detailed above, at various times, those payments were made inconsistently and at varying amounts. It should also be noted that, despite the fact that the Debtor was receiving an average of $452.00 per month at the time she filed her Amended Schedule I, approximately $150 more than she listed on that Schedule, her average monthly expenses were $947.00 per month, significantly more than her monthly income.

Although there were a few errors with her Schedules, some of those errors can be explained by the Defendant's lupus, which she claims affects her memory and thought process. Taken together, the disclosures made in her Schedules and at her 341 Meeting of Creditors and

6

the Defendant's testimony do not indicate that the Defendant concealed property with the requisite intent to hinder, delay or defraud a creditor, especially for someone in Defendant's physical condition. The Court has reviewed the numerous cases cited by the Plaintiff and has concluded that those cases can be factually distinguished from this case because the Court has concluded that the Defendant in this case did not intend to hinder, delay, or defraud a creditor. The Plaintiff has failed to meet its burden of proof on this count.

<u>11 U.S.C. § 727(a)(3)</u>

Section 727(a)(3) of the Code provides that the court shall grant a debtor a discharge unless:

> The debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.

A condition precedent to discharge is that the debtor must provide to her creditors enough information to ascertain the debtor's financial condition and to track her finances with substantial accuracy for a reasonable period in the past to the present. *Wazeter*, 209 B.R. at 227 (*citing In re Juzwiak*, 89 F.3d 424, 427 (7th Cir. 1996)). Creditors and courts are not required to speculate regarding the financial condition and history of the debtor or to reconstruct the debtor's financial affairs. *Wazeter*, 209 B.R. at 227. Intent is not an element of a Section 727(a)(3) exception to discharge. *Id*.

> A debtor is not required to keep books or records in any particular form, nor do the creditors have to establish an intent to conceal the financial condition, as long as complete disclosure is made so that the creditors are not required to guess at what actually occurred.

*United States Fid. & Guar. v. Delancey (In re Delancey)*, 58 B.R. 762, 768 (Bankr. S.D.N.Y. 1986).

The party seeking the denial of a discharge has the burden of proving the inadequacy of the debtor's records. To determine whether the debtor's records are adequate, courts examine whether the records are the type kept by a reasonably prudent debtor with the same occupation, financial structure, education, and experience. *Wazeter*, 209 B.R. at 227. "Where debtors are sophisticated in business, and carry on a business involving significant assets, creditors have an expectation of greater and better record keeping." *Union Planters Bank, N.A. v. Connors*, 283 F.3d 896, 900 (7th Cir. 2002) (citation omitted).

Once the moving party shows that there is not sufficient written evidence to ascertain the debtor's financial condition and history, then the burden shifts to the debtor to show that his failure to keep adequate records was justified in the circumstances. *Wazeter*, 209 B.R. at 227. To determine whether the inadequacy of the debtor's records was justifiable, courts look at a variety of factors, including the debtor's education, sophistication, business experience, size, and complexity of the debtor's business, debtor's personal financial structure, and any special circumstances. *Wazeter*, 209 B.R. at 230. *See also Dolin v. Northern Petrochemical Co.* (In re Dolin), 799 F.2d 251 (6th Cir. 1986) (debtor's drug and gambling addictions did not justify his difficulty in recording his business transactions).

The Plaintiff has failed to present any evidence that the Defendant "concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained." Accordingly, the Plaintiff has failed to meet its burden of proof on this count.

## 11 U.S.C. § 727(a)(4)

Section 727(a)(4)(A) bars a debtor's discharge if he knowingly and fraudulently makes a false oath or account in connection with the case. "The false oath that is a sufficient ground for denying a discharge may consist of (1) a false statement or omission in the debtor's schedules or (2) a false statement by the debtor at an examination during the course of the proceedings." 6 Collier on Bankruptcy ¶ 727.04[1][c] at 727-42 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2010). In order to prevail under § 727(a)(4)(A), a creditor must establish five elements: (1) the debtor made a statement under oath; (2) the statement was false; (3) the debtor knew that the statement was false; (4) the debtor made the statement with the intent to deceive; and (5) the statement related materially to the bankruptcy case. *In re Zwirn*, 2005 WL 1978510 (Bankr. S.D. Fla 2005)(citations omitted).[1]

The purpose of § 727(a)(4) (A) is to "ensure 'that those who seek the shelter of the bankruptcy code do not play fast and loose with their assets or with the reality of their affairs.'" *In re Bratcher,* 289 B.R. 205, 218 (Bankr. M.D. Fl. 2003)( *quoting Boroff v. Tully (In re Tully),* 818 F.2d 106, 110 (1st Cir.1987)). Section 727(a)(4)(A) ensures that adequate information is available to the case trustee and creditors without the need for examination or investigation to determine whether the information is true. *In re Craig,* 252 B.R. 822, 828-29 (Bankr. S.D. Fl. 2000). Debtors have a "paramount duty to consider all questions posed on a statement or schedule carefully and see that the question is answered completely in all respects." *Craig,* 252 B.R. at 829 (internal quotation omitted). "Policy considerations mandate that the requirement to list all assets and liabilities is an absolute obligation of those seeking discharge of their debts."

---

[1] While "a discharge may only be barred under § 727(a)(2) if the debtor's intent was to defraud a creditor or an officer of the estate, section 727(a)(4) does not so limit the objects of the debtor's fraudulent intent". 6 COLLIER ON BANKRUPTCY ¶ 727.04[1][a] at 727-40.

*In re Whitehead,* 278 B.R. 589, 594 (Bankr. M.D. Fl. 2002). "[A] debtor who fails to make a full and complete disclosure of relevant information places the right to the discharge in serious jeopardy." *Id.*

> The requisite intent. . . may be discovered by inference from the facts. 'A reckless disregard of both the serious nature of the information sought and the necessary attention to detail and accuracy in answering may rise to the level of fraudulent intent necessary to bar a discharge.' However a false statement resulting from ignorance or carelessness is not one that is knowing and fraudulent.

6 Collier on Bankruptcy ¶ 727.04[1][a] at 727-40-41.

As discussed in the discussion on the § 727(a)(2)(A), there were some errors in the Defendant's Schedules. Some of those errors can be explained by the Defendant's lupus, which she claims affects her memory and thought process. The disclosures made in her Schedules and at her 341 Meeting of Creditors and the Defendant's testimony do not indicate that the Defendant knew that the statements were false or that she made the statements with the requisite intent to deceive. The Plaintiff has failed to meet its burden of proof on this count.

## 11 U.S.C. § 727(a)(7)

Under § 727(a)(7), a debtor who has committed an act described in § 727(a)(2), (3), (4), (5), or (6) in connection with an insider who is also a debtor in bankruptcy may be denied a discharge. *See* 11 U.S.C. § 727(a)(7). "Insider" is defined in 11 U.S.C. § 101(31)(A)(iv) to include a "relative of the debtor or of a general partner of the debtor", a "partnership in which the debtor is a general partner", a "general partner of the debtor", or a "corporation of which the debtor is a director, officer, or person in control."

The Plaintiff has failed to present any evidence that the Defendant committed an act described in § 727(a)(2), (3), or (4) in connection with an insider. Accordingly, the Plaintiff has not met its burden of proof with regard to this count.

## Conclusion

The Court concludes that the Plaintiff has failed to meet its burden of proof with regard to all counts of the complaint and that judgment should be entered in favor of the Defendant and against the Plaintiff. Counsel for the Defendant is directed to prepare and submit an order consistent with this Opinion and consistent with the procedural rules of this Court.

**Signed on July 18, 2014**

                                                                         **/s/ Daniel S. Opperman**
                                                                        **Daniel S. Opperman**
                                                                        **United States Bankruptcy Judge**